ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| ARLENE PÉREZ SANTANA, Recurrida, v. SBM MANAGEMENT SERVICES PUERTO RICO, LLC; COMPAÑÍA ASEGURADORA ABC; COMPAÑÍA DEF, Peticionaria. | KLCE202400028 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao. Civil núm.: HU2022CV01545. Sobre: reclamación por despido injustificado; acoso laboral; hostigamiento sexual y represalias. |
| --- | --- | --- |

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de enero de 2024.

El 8 de enero de 2024, el patrono peticionario, SBM Management Services Puerto Rico, LLC, instó este recurso de *certiorari* con el fin de que este Tribunal revoque la *Resolución* dictada por el foro primario el 22 de diciembre de 2023, notificada el 26 de diciembre de 2023. En esta, el Tribunal de Primera Instancia, Sala Superior de Humacao, declaró sin lugar la solicitud de relevo de la *Sentencia Parcial* emitida el 23 de febrero de 2023, notificada al día siguiente.

En síntesis, el patrono aduce que no fue emplazado conforme a lo dispuesto en la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118, *et seq.*, que estable el procedimiento sumario laboral. Según el patrono peticionario, el diligenciamiento de su emplazamiento por conducto de su agente residente carece de validez, por lo que la posterior anotación de su rebeldía y la *Sentencia Parcial* dictada resultan inoficiosas. Arguye, además, que las causas de acción contenidas en la querella de autos justifican la conversión del procedimiento judicial a uno ordinario.

Por último, el patrono también aduce que las circunstancias particulares de este caso justifican nuestra intervención en esta etapa,

Número identificador

RES2024_____

como excepción a lo dictaminado por el Tribunal Supremo de Puerto Rico en *Dávila v. Antilles Shipping*, 147 DPR 483 (1999), y reiterado en *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723 (2016), y por razón de que lo actuado por el foro primario constituye una grave injusticia.

Conforme le fuese ordenado, la parte recurrida presentó su oposición a la expedición del recurso el 17 de enero de 2024.

Así pues, examinado el recurso, así como la oposición a su expedición, a la luz del derecho aplicable, este Tribunal deniega la expedición del auto de *certiorari*[1].

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[1] *Véase*, Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, la Regla 40 del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, así como *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723 (2016).